## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

DANNEL M. MITCHELL,                    )
#R-07374,                              )
                                       )
                    Plaintiff,         )
                                       )
vs.                                    )          Case No. 18-cv-00119-MJR
                                       )
WEXFORD HEALTH CARE                    )
SERVICES,                              )
DR. CALDWELL,                          )
DR. AFUWAPE,                           )
MS. KLEIN,                             )
MARY JOHNSON,                          )
JACY FULK,                             )
PATRICK M. MICHEL,                     )
JESSICA TOMPKINS,                      )
CRAPHEART,                             )
JENNIFER BEHRENDS,                     )
SETH TOWNSEND,                         )
DEBBIE GARRETT,                        )
DR. DAVID,                             )
UNIVERSITY OF ILLINOIS HOSPITAL,       )
JEREMY YOUNG,                          )
MANESH PATEL,                          )
CRAIG FOSTER,                          )
MS. HARTER,                            )
MS. PIERCE,                            )
MR. FATHEREE,                          )
MR. GRAUPE,                            )
MS. RAWCLIFFE,                         )
G. RHINE,                              )
MS. TRAVELLING-TECRONE,                )
S. ENGLER,                             )
B. ALLARD,                             )
ASSISTANT WARDEN HUTCHINSON,           )
WARDEN DENNISON,                       )
MS. SMOOT,                             )
JOHN BALDWIN,                          )
SHERRY BENTON,                         )
and CHARLES PECK,                      )
                                       )
                    Defendants.        )

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Dannel Mitchell, an inmate who is currently incarcerated at Western Illinois Correctional Center ("Western Illinois"), brings this civil rights action pursuant to 42 U.S.C. § 1983 against thirty-two officials at Vandalia Correctional Center ("Vandalia"), Shawnee Correctional Center ("Shawnee"), and Vienna Correctional Center ("Vienna") for violations of his constitutional rights. (Doc. 5). In the Complaint, Plaintiff claims that these officials did not provide him with adequate medical care in 2015 and 2016. (Doc. 5). He seeks monetary damages. (Doc. 1, p. 22).

Along with the Complaint, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis* ("IFP Motion"). (Doc. 2). Before screening the Complaint under 28 U.S.C. § 1915A, the Court must first address Plaintiff's eligibility for IFP status in this case. 28 U.S.C. § 1914(a). Because Plaintiff is unable to satisfy 28 U.S.C. § 1915(g), the IFP Motion must be **DENIED**.

## IFP Motion

Plaintiff seeks the Court's permission to proceed without prepaying the full $400.00[1] filing fee for this action. 28 U.S.C. § 1914(a). Under 28 U.S.C. § 1915, a federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action . . . and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). In the case of civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified copy of the trust fund account statement (or institutional

---

[1] Effective May 1, 2013, the filing fee for a civil case increased from $350.00 to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. *See* Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. However, a litigant who is granted IFP status is exempt from paying the additional $50.00 fee.

equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Plaintiff's IFP Motion satisfies these requirements.[2] (Doc. 2).

Even so, Plaintiff is barred from proceeding IFP under 28 U.S.C. § 1915(g). Section 1915(g) prohibits a prisoner from bringing a civil action or appealing a civil judgment IFP, "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). Plaintiff "struck out" under § 1915(g) before filing this action and is therefore subject to the three-strikes bar. (Doc. 5, pp. 5-6).

The Public Access to Court Electronic Records ("PACER") website (www.pacer.gov) reveals that Plaintiff filed more than three prior civil actions that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Henson v. CSC Credit Servs.,* 29 F.3d 280, 284 (7th Cir. 1994) (courts can take judicial notice of public records which include court records). These lawsuits include *Mitchell v. Baldwin*, No. 16-cv-0278-NJR (S.D. Ill. dismissed Aug. 9, 2016); *Mitchell v. Lupert*, No. 16-cv-00486-SMY (S.D. Ill. dismissed June 14, 2016);[3] *Mitchell v. Dennison*, No. 16-cv-01189-MJR (S.D. Ill. dismissed Jan. 12, 2017);

---

[2] However, Plaintiff has only provided a trust fund account statement for the 2-month period preceding this action to date. (Doc. 2, p. 5).

[3] The Court did not explicitly state that this dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g), but it does. "A dismissal is a dismissal, and provided that it is on one of the grounds specified in section 1915(g) it counts as a strike, whether or not it's with prejudice." *Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011) (internal citations omitted).

and *Mitchell v. Gateway Found.*, No. 17-cv-02741 (N.D. Ill. dismissed April 27, 2017). Each of these dismissals counts as a "strike" under § 1915(g). *Id.*

Because Plaintiff has "struck out" under § 1915(g), he cannot proceed IFP unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). "[I]mminent danger" within the meaning of § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). In general, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Ciarpaglini*, 352 F.3d at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id.* at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

The allegations in the Complaint do not support Plaintiff's assertion that he is in imminent danger of serious physical injury. (Doc. 5). Plaintiff's claims focus on events that occurred at various prisons in 2015 and 2016. *Id.* In the Complaint, he alleges that various prison officials were deliberately indifferent to his various medical needs and discriminated against him in violation of the Americans with Disabilities Act and the Rehabilitation Act, causing Plaintiff psychological harm and exasperating his physical ailments. (Doc. 5, pp. 20-21). Plaintiff seeks monetary damages from the defendants. (Doc. 5, p. 22).

The Complaint focuses on past injuries. The conduct giving rise to Plaintiff's claims took place in 2015 and 2016. (Doc. 5). The events giving rise to this action allegedly occurred at Vandalia, Shawnee, and Vienna. *Id.* However, Plaintiff is no longer housed there. (Doc. 5, p.

2). He is currently housed at Western Illinois. *Id.* None of his claims pertain to his current confinement. *Id.* Past injuries, such as those described in the Complaint, do not support a finding of imminent danger under § 1915(g). *See Ciarpaglini*, 352 F.3d at 330.

Plaintiff nonetheless insists that he is in imminent danger of serious physical injury. (Doc. 5, p. 7). In a one-page statement that he filed with the Complaint, he explains:

> Because of defendant's negligence I grossly continue to suffer from P.T.S.D., Major Depression, and anxiety because of the horrid injuries of wanton neglect caused to my person by defendant's. In-which, I am currently taking Rem[e]ron for major depression, bus[p]ar for anxiety, and Pr[a]z[o]sin for nightmares. Defendant's named in this complaint knowingly participated in voluntered negligence, and deliberate indifference /w purposeful intent to harm, and place in danger, Defendant's liable actions has placed me in danger of being succeptible to commit suicide. Therefore, placeing me in imminent, irreparable danger of permanent injury. The thought's of committing suicide plaintiff suffer from caused by defendant's is imminent because of the lack of attention (ignoreing) the relief I seek. The defendant's interference /w unconstitutional policies, practices /w act's of injustice caused violations to my inalienable constitutional right's in my vulnerable state has left me hopeless, [and] helpless. I now have no faith in God leaveing me an atheist. I do not see the purpose of my living in a civilized soceity that placed me in the care of state actor's whom has confused me. In, conclusion I am in imminent danger of serious physical injuries, and or irreparable harm to self because of defendant's hateful crimes of negligence. The defendant's purposeful act's of punishment of discrimination has left me in danger!

(Doc. 5, p. 7). Plaintiff submitted virtually the same statement with six other complaints that he filed in this District between January 22, 2018, and February 1, 2018. *See Mitchell v. Dennison*, No. 18-cv-00118-DRH (S.D. Ill. Jan. 22, 2018) (Doc. 1, p. 6); *Mitchell v. Foster*, No. 18-cv-00120-MJR (S.D. Ill. filed Jan. 22, 2018) (Doc. 1, p. 4); *Mitchell v. Heberer*, No. 18-cv-00121-DRH (S.D. Ill. filed Jan. 22, 2018) (Doc. 1, p. 6); *Mitchell v. Pace*, No. 18-cv-00122-MJR (S.D. Ill. filed Jan. 22, 2018) (Doc. 1, p. 6); *Mitchell v. Baldwin*, No. 18-cv-00123-SMY (S.D. Ill. Jan. 22, 2018) (Doc. 1, p. 6); *Mitchell v. Jackson-Pearson*, No. 18-cv-00158-SMY-DGW (S.D. Ill. Feb. 1, 2018) (Doc. 5, p. 5) (transferred Feb. 2, 2018). None of these complaints address the

denial of medical and/or mental health care at Western Illinois, where he is currently confined, although the one-page statement focuses on that particular deprivation.

Plaintiff also filed two other lawsuits in this District that focused on medical care claims against officials at Western Illinois. Both cases were transferred to the Central District of Illinois. *Mitchell v. Watson*, No. 18-cv-00110-NJR (S.D. Ill. filed Jan. 19, 2018) (transferred Jan. 22, 2018); *Mitchell v. Watson*, No. 18-cv-00136-SMY (S.D. Ill. filed Jan. 25, 2018) (transferred Jan. 29, 2018). Although Plaintiff's claim of imminent danger may support his request for IFP status in one or both of those cases,[4] it is unrelated to the claims he asserts against officials at Vandalia, Vienna, and Shawnee in this action. Plaintiff cannot overcome the three-strikes bar imposed under 28 U.S.C. § 1915(g). Accordingly, the IFP Motion shall be **DENIED**.

### Sanctions

The Court is aware that Plaintiff is a frequent litigator who has accumulated substantial unpaid filing fees in this District. During the past month, he has filed nine new cases here.[5] Excluding these new cases, the Court found nine other cases that Plaintiff filed in this District in 2016-17.[6] He incurred a $350.00 filing fee for eight of these cases and a $400.00 filing fee for

---

[4] This Court takes no position on this issue.

[5] In addition to this case, Plaintiff has filed the following civil rights actions in this District: *Mitchell v. Watson*, No. 18-cv-00110-NJR (S.D. Ill. filed Jan. 19, 2018); *Mitchell v. Dennison*, No. 18-cv-00118-DRH (S.D. Ill. filed Jan. 22, 2018); *Mitchell v. Wexford Health Care Servs.*, No. 18-cv-00119-MJR (S.D. Ill. Jan. 22, 2018); *Mitchell v. Foster*, No. 18-cv-00120-MJR (S.D. Ill. filed Jan. 22, 2018); *Mitchell v. Heberer*, No. 18-cv-00121-DRH (S.D. Ill. filed Jan. 22, 2018); *Mitchell v. Pace*, No. 18-cv-00122-MJR (S.D. Ill. filed Jan. 22, 2018); *Mitchell v. Watson*, No. 18-cv-00136-SMY (S.D. Ill. Jan. 25, 2018); *Mitchell v. Jackson-Pearson*, No. 18-cv-00158-SMY-DGW (S.D. Ill. Feb. 1, 2018).

[6] These cases include *Mitchell v. Foster*, No. 16-cv-00097-MJR-SCW (S.D. Ill. filed Jan. 27, 2016); *Mitchell v. Foster*, No. 16-cv-00238-SMY-RJD (S.D. Ill. filed Mar. 7, 2016); *Mitchell v Baldwin*, No. 16-cv-00278-NJR (S.D. Ill. filed March 16, 2016); *Mitchell v. Pace*, No. 16-cv-00485-SMY-RJD (S.D. Ill. filed May 2, 2016); *Mitchell v. Heberer*, No. 16-cv-00487-MJR-SCW (S.D. Ill. May 2, 2016); *Mitchell v. Afuwape*, No. 16-cv-00484-SMY-RJD (S.D. Ill. filed May 2, 2016); *Mitchell v. Lupert*, No. 16-cv-00486 (S.D. Ill. filed May 2, 2016); *Mitchell v. Dennison*, No. 16-cv-01189-MJR (S.D. Ill. filed Oct. 27, 2016); *Mitchell v. Dennison*, No. 17-cv-00479-MJR (S.D. Ill. filed April 24, 2017).

the ninth case. To date, Plaintiff has only paid a small portion of these fees.[7] His unpaid filing

fees for the 2016-17 cases now total $3,188.92.

Plaintiff nonetheless filed nine new cases in this District between January 19, 2018, and

February 1, 2018. *All* of these cases were filed *after* Plaintiff accumulated three "strikes." He

failed to satisfy § 1915(g) in this particular case, resulting in an additional $400.00 filing fee.

Unless he can pay the $400.00 filing fee for this action by the deadline listed in the below

disposition, this case will be dismissed.

In addition, Plaintiff shall be ordered to show cause why he should not be restricted from

filing any new actions in this Court until such time as Plaintiff pays the $400.00 for this action,

the outstanding $3,188.92 he now owes for the cases he filed in this District in 2016-17, and any

additional fees owed in connection with the cases he most recently filed in this District in 2018.[8]

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Proceed *in forma*

*pauperis* (Doc. 2) is **DENIED**. *See* 28 U.S.C. § 1915(g).

**IT IS ORDERED** that Plaintiff shall pay the full filing fee of $400.00 for this action

within **twenty-eight (28) days** of the date of entry of this Order (on or before **March 12, 2018**).

If Plaintiff fails to comply with this Order in the time allotted by the Court, this case will be

dismissed for failure to comply with a court order and/or for failure to prosecute this action. *See*

---

[7] Plaintiff still owes the following amounts in each of these cases: *Mitchell v. Foster*, No. 16-cv-00097-MJR-SCW ($350.00); *Mitchell v. Foster*, No. 16-cv-00238-SMY-RJD ($350.00); *Mitchell v Baldwin*, No. 16-cv-00278-NJR ($348.00); *Mitchell v. Afuwape*, No. 16-cv-00484-SMY-RJD ($348.00); *Mitchell v. Pace*, No. 16-cv-00485-SMY-RJD ($346.92); *Mitchell v. Lupert*, No. 16-cv-00486 ($348.00); *Mitchell v. Heberer*, No. 16-cv-00487-MJR-SCW ($348.00); *Mitchell v. Dennison*, No. 16-cv-01189-MJR ($350.00); *Mitchell v. Dennison*, No. 17-cv-00479-MJR ($400.00).
[8] He currently owes an additional $400.00 filing fee in *Mitchell v. Dennison*, No. 18-cv-00118-DRH (S.D. Ill.) (Doc. 6). This amount is subject to increase, however, once Plaintiff's IFP Motions in his other 2018 cases are decided.

FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994).

In addition, Plaintiff is hereby **ORDERED TO SHOW CAUSE** by the same deadline (on or before **March 12, 2018**) why this Court should not restrict him from filing any further actions in this Court until such time as Plaintiff pays the $400.00 filing fee for this action, the outstanding $3,188.92 owed for the lawsuits he filed in this District in 2016-17, and any additional fees owed in connection with the cases he has filed in this District in 2018. *See Newlin v. Helman*, 123 F.3d 429, 437 (7th Cir. 1997) (citing *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995)) ("A prisoner who becomes ineligible under § 1915(g) to continue litigating *in forma pauperis*, and who then files additional suits or appeals yet does not pay the necessary fees, loses the ability to file future civil suits."), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000); *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999) ("[U]npaid docket fees incurred by litigants subject to § 1915(g) lead straight to an order forbidding further litigation."). Filing bans are not perpetual in nature, and exceptions are generally made for criminal cases, petitions for writs of habeas corpus, and for currently pending appeals. *Isby-Israel v. Lemmon*, 674 F. App'x 569, 570 (7th Cir. 2017).

Tender by Plaintiff of the full $3,588.92 in fees to the Clerk of the Court within twenty-eight (28) days from the date of entry of this Order (on or before **March 12, 2018**) shall be deemed by the Court to discharge Plaintiff's duty to show cause under this order. Further, unless full payment of Plaintiff's outstanding fees is received by this deadline, the instant case shall be dismissed with prejudice.

The Court will not screen the Complaint pursuant to 28 U.S.C. § 1915A, until Plaintiff complies with this Order, including the Order to Show Cause.

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his address, and that the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents, and may result in a dismissal of this action for want of prosecution.

**IT IS SO ORDERED.**

**DATED:  February 12, 2018**

**s/ MICHAEL J. REAGAN**
**U.S. Chief District Judge**
